The Honorable Betty Dickey, Prosecuting Attorney Eleventh Judicial District Jefferson County Courthouse 100 West Barraque Pine Bluff, Arkansas 71601
Dear Ms. Dickey:
This opinion is being issued in response to your recent questions regarding forfeiture monies. On behalf of Mr. Jitters Morgan, Mayor of White Hall, Arkansas, you have presented several questions about this subject, which have been restated as follows:
 (1) Since drug and crime forfeiture monies are considered public funds, who is responsible for the receipts and disbursements of these monies, including the maintenance of accounting records?
 (2) Since drug and crime forfeiture monies are audited by Legislative Audit and included under the City's audit reports, should this bank account have the City's Federal ID number on the account?
 (3) Since drug and crime forfeiture monies are restricted as to use, does the restriction require that the departments for whose use the funds are restricted have exclusive literal and physical control of these monies?
 (4)(a) Can a police department apply for its own Federal ID number for the purpose of avoiding allowing the mayor, clerk/treasurer and city council access to and control over restricted drug and crime forfeiture funds?
 (b) Since the police department is part of the "City," can it be considered a separate entity for purposes of the control of certain restricted funds, even though those funds are public and are audited with all other city funds?
 (5) If the police department has exclusive control over drug and crime forfeiture monies which are restricted for law enforcement purposes, are those funds subject to appropriation requirements (i.e., approval by the city council and mayor, with the clerk/treasurer recording such transactions)?
 (6)(a) Who is liable for inappropriate activity that may occur with regard to these restricted funds?
 (b) Who would be required to correct such inappropriate activity, and at whose expense?
RESPONSE
General
Your questions refer to "drug and crime forfeiture monies." It is clear that in referring to "drug forfeiture monies," you are referring to funds that are forfeited and disposed of pursuant to A.C.A. § 5-64-505, which is a provision of the Arkansas Uniform Controlled Substances Act. Your questions regarding drug forfeiture monies can therefore be explicitly addressed.
However, it is not as clear which forfeiture monies you are referring to in using the term "crime forfeiture monies." Arkansas law provides for forfeitures of various types of funds in relation to a variety of criminal situations. The disposition of these funds varies. Since it is unclear which of these forfeitures you are referencing, I am unable to address your questions regarding "crime forfeiture monies."
Accordingly, my responses to your questions will be limited to a discussion of the issues as they relate to "drug forfeiture monies."
Question 1 — Since drug and crime forfeiture monies are considered to bepublic funds, who is responsible for the receipt and disbursement of thesemonies, including the maintenance of accounting records?
It is my opinion that in the absence of any municipal ordinance to the contrary, municipal law enforcement agencies may take responsibility for the receipt and disbursement of drug forfeiture monies. However, it is my opinion that municipalities are empowered to take that responsibility. The particular individual who is responsible for administering the funds and maintaining the accounting records will depend upon the action of the municipality regarding this matter, as explained more fully below.
The Uniform Controlled Substances Act explicitly provides for the creation of a separate fund (the Drug Control Fund) "on the books of the law enforcement agency" for the receipt of drug forfeiture monies. A.C.A. § 5-64-505(k)(4)(i). I have previously opined that municipal law enforcement agencies are not required by state law to remit to their municipalities the public funds that come into their possession. See Op. Att'y Gen. No. 91-416. Accordingly, I opined that in the absence of any other applicable requirement regarding the disposition of the funds, municipal law enforcement agencies may administer their Drug Control Funds independently of their municipalities. Id.
Municipalities are empowered, however, to enact requirements that are applicable to the disposition of drug forfeiture monies. Municipal police departments are creatures of the city's governing body, which has the authority to prescribe and define their duties and powers. A.C.A. §14-52-101. Pursuant to this authority, the city's governing body can require that the municipal law enforcement agency remit to the municipality all (or certain) public funds coming into the agency's possession, and can direct the manner in which those funds are administered (provided that state law is complied with).
The Controlled Substances Act does not prescribe a particular method for or designate a particular individual official to be responsible for the receipt and disbursement of Drug Control Fund monies. In light of this absence of statutory guidance, I conclude that the governing bodies of municipalities have the authority, arising out of A.C.A. § 14-52-101,supra, to make such determinations. If the municipality has chosen to administer the Drug Control Fund, state municipal accounting law (A.C.A. § 14-59-101 et seq.) must be complied with, and the municipal treasurer must report on the status of the fund pursuant to A.C.A. § 14-59-115.
If, however, the municipality's governing body has not acted regarding this matter, it is my opinion that the responsibility for determining the method of and the particular individual official to be responsible for the receipt and disbursements of drug forfeiture monies lies with the municipal law enforcement agency, since state law gives that agency primary responsibility for the Drug Control Fund (in the absence of municipal action regarding the Fund).
Question 2 — Since drug and crime forfeiture monies are audited byLegislative Audit and included under the City's audit reports, shouldthis bank account have the City's Federal ID number on the account?
If the drug forfeiture monies are maintained in a separate bank account by the municipal law enforcement agency and are included under the city's audit reports, that separate bank account should be identified in a manner that will enable the Division of Legislative Audit to determine what the account is and to conduct the relevant portions of its audit as required by law.[1] See A.C.A. § 10-4-101 et seq. However, the fact that the Division of Legislative Audit audits the Drug Control Fund does not impose any requirements regarding the use of the city's federal tax identification number. (Federal law regarding the use of the number must, of course, be complied with.)
Question 3 — Since drug and crime forfeiture monies are restricted as touse, does the restriction require that the departments for whose use thefunds are restricted have exclusive literal and physical control of thesemonies?
It is my opinion that the restriction[2] itself does not require exclusive literal and physical control in the departments for whose use the funds are restricted; however, those departments may or may not be entitled to exercise primary control of the funds for other reasons.
I have previously opined that county law enforcement agencies, for example, are not entitled to exclusive control over drug forfeiture monies, because a specific state statute (A.C.A. § 14-14-1313; A.C.A. §21-6-310) requires them to remit public funds to the county treasury. Op. Att'y Gen. 91-416. However, as discussed in response to Question 1 and in Opinion No. 91-416, municipal law enforcement agencies, by contrast, are not subject to any such state law requirement, and are therefore entitled, in the absence of a municipal ordinance requiring such remission (or otherwise to the contrary), to exercise control of the funds.
This is not to say that the municipal law enforcement agency's control of the funds is to be "exclusive." Municipal law enforcement agencies operate under the superintendence of the city's governing body and of the mayor. A.C.A. § 14-52-101. It is my opinion that municipal law enforcement agencies do not have the authority to bar those municipal officials from obtaining any attempted measure of access to and control of the funds, provided that such attempts are made in compliance with the restrictions set forth in the Controlled Substances Act and in compliance with applicable municipal law.
Question 4(a) — Can a police department apply for its own Federal IDnumber for the purpose of avoiding allowing the mayor, clerk/treasurerand city council access to and control over restricted drug and crimeforfeiture funds?
The fact that a police department may have its own federal tax identification number would not have the effect of barring the mayor, clerk/treasurer, or city council from obtaining access to or control over drug forfeiture monies. For the reasons stated in response to Question 3, it is my opinion that under state law, the police department may not avoid allowing municipal officials to obtain access to and control of the drug forfeiture monies, provided that such access and control is in compliance with the Controlled Substances Act and with applicable municipal law. The existence of a separate federal tax identification number would not change these provisions of state law.
Question 4(b) — Since the police department is part of the "City," can itbe considered a separate entity for purposes of the control of certainrestricted funds, even though those funds are public and are audited withall other city funds?
See response to Questions 1, 3, and 4(a).
Question 5 — If the police department has exclusive control over drug andcrime forfeiture monies which are restricted for law enforcementpurposes, are those funds subject to appropriation requirements (i.e.,approval by the city council and mayor, with the clerk/treasurer recordingsuch transactions)?
It is my opinion that whether drug forfeiture monies are subject to municipal appropriation requirements depends upon what action has been taken by the municipality's governing body regarding the matter. As discussed previously, the municipality has the authority to direct the police department in the administration of the Drug Control Fund. The municipality can, therefore, require that the fund be subjected to the city's appropriation procedures. By the same token, the municipality can direct that the Fund be administered independently of such procedures. If the municipality has not acted at all regarding this matter, the monies in the Drug Control Fund are not, in my opinion, subject to municipal appropriation procedures. State law imposes no such requirement. As discussed previously, under state law (and in the absence of municipal ordinance regarding the matter), the Drug Control Fund is not a municipal fund. For this reason, I must conclude that if the municipality has not taken any action regarding the administration of the Fund, monies in the Fund are not subject to municipal appropriation requirements.
Question 6(a) — Who is liable for inappropriate activity that may occurwith regard to these restricted funds?
Liability for inappropriate activity will turn largely upon the specific facts of the particular case. It will also depend upon the particular type of inappropriate activity in question. You have not indicated the particular type of inappropriate activity to which you are referring, nor have you described any of the particular facts about which you are concerned. In the absence of such information, I am unable to respond adequately to this question. Moreover, factual questions are likely to be disputed, and only a court is qualified to make determinations of fact. I must, therefore, decline to opine regarding this matter.
Question 6(b) — Who would be required to correct such inappropriateactivity, and at whose expense?
This question is also one that will turn primarily upon the specific facts of the particular case. For the reasons stated in response to Question 6(a), I am therefore unable to render an opinion regarding this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the inclusion of the separate bank account in the city's audit reports is not a requirement of state law; it may, however, be required by municipal ordinance.
[2] Monies in the Drug Control Fund are restricted to use for "law enforcement and prosecutorial purposes" only. A.C.A. §5-64-505(k)(4)(i).